O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR ELIZARRARAS DUARTE,<br><br>             Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>             Defendant. | Case No. CV 12-5615 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

    Plaintiff filed a Complaint herein on June 28, 2012, seeking review of the Commissioner's denial of his application for a period of disability and disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on November 12, 2013. Thus, this matter now is

---

    [1] The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

ready for decision.[2]

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") made a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony.

2. Whether the ALJ properly considered the opinion of plaintiff's treating physician.

3. Whether the Appeals Council properly reviewed new and material evidence before denying plaintiff's request for review.

4. Whether the ALJ made a proper residual functional capacity ("RFC") determination in light of all of the medical opinions in the record.

5. Whether the ALJ properly relied on the opinion of a state agency physician.

## DISCUSSION

As to Disputed Issue Nos. 1 and 2, as discussed hereafter, the Court concurs with the Commissioner that reversal is not warranted with respect to the ALJ's adverse credibility determination and alleged failure to properly consider the treating

---

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

physician's opinion. As to Disputed Issue Nos. 3 and 4, the Court concurs with plaintiff that the Appeals Council failed to properly review new and material evidence of plaintiff's mental limitations and that the ALJ failed to properly determine plaintiff's RFC. As a result, it is unnecessary for the Court to reach the issue of whether the ALJ properly relied on the state agency physician's opinion with respect to the part of the ALJ's RFC determination addressing mental limitations (Disputed Issue No. 5).

**A.    Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 3-21.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where as here the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that he could not work because of pain and limitations from a car accident in January 2008 in which he sustained broken ribs, a broken wrist, back problems, and a dislocated shoulder. (See AR 48.) The ALJ determined that although plaintiff's medically determinable impairments could reasonably be

3

expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (See AR 22.)

In support of this adverse credibility determination, the ALJ proffered what appear to be three separate reasons. The Court finds that, although two of the stated reasons were legally insufficient, the other reason was legally sufficient.

One of the reasons proffered by the ALJ was that plaintiff was able to "perform a wide range of daily activities," specially that plaintiff was able to cook, do laundry, bathe, shower, wash dishes, water the lawn, lift weights on the lateral pull machine (at 15-20 pounds), and take mile-long walks in the park. (See AR 22, 23.) However, the ALJ did not account for plaintiff's testimony that he could not lift 15-20 pounds too often because of pressure on his shoulder, that he had not taken a mile-long walk in 3 months and needed to stop for breaks during the walks, that he has "all day" to do the cooking and laundry, and that he does not do any shopping or cleaning. (See AR 60, 62.) Since the ALJ's use of plaintiff's daily activities did not fully account for the record on the whole, the Court finds that this was not a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Reddick v. Chater, 157 F.3d 715, 722 and n.1 (9th Cir. 1998) (finding that ALJ erred in using claimant's daily activities as basis for adverse credibility determination where ALJ did not fully account for the record, which indicated claimant performed the activities despite weakness and fatigue.)

Another of the reasons proffered by the ALJ was that plaintiff's medications were consistent with the ALJ's RFC determination. (See AR 23.) Specifically, the ALJ noted that plaintiff had been taking Vicodin until one month before the administrative hearing, but he stopped taking it because it was no longer covered by his worker's compensation insurance and started taking Amrix. (See id.) To the extent that the ALJ seemingly was citing the conservative nature of plaintiff's treatment as a basis for his adverse credibility determination, the record reflects that

1 plaintiff no longer had insurance coverage for his past treatment.  Accordingly, the
2 Court finds that this also was not a legally sufficient reason on which the ALJ could
3 properly rely in support of his adverse credibility determination.  See Regennitter v.
4 Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999) (ALJ's
5 finding that claimant did not require strong analgesic medication was not a clear and
6 convincing reason where claimant established that he could not afford it).

7       The other reason proffered by the ALJ was that plaintiff's performance on a
8 psychological assessment in August 2009 "weakened his credibility."  (See AR 20.)
9 Specifically, the ALJ noted that plaintiff was found "not as severely impaired as his
10 scores indicated," that two areas of testing were "noted to be exaggerated in terms of
11 the magnitude," that plaintiff's condition was found "not as chronically severe as
12 portrayed," and that plaintiff endorsed bizarre symptoms "not normally endorsed by
13 the overall population, indicating a deliberate exaggeration."  (See AR 20; see also
14 AR 603, 604.)  The Court finds that this was a legally sufficient reason on which the
15 ALJ could properly rely in support of his adverse credibility determination.  See
16 Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ properly considered
17 claimant's "self-limiting behaviors" and "efforts to impede accurate testing" during
18 two physical capacity evaluations); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th
19 Cir. 2001) (ALJ properly considered claimant's poor effort during consultative
20 examinations).[3]

21       Accordingly, the Court finds that even if the ALJ did err in relying on two of
22 the stated reasons in support of his adverse credibility determination, the error was
23 harmless because the ALJ's other reason and ultimate adverse credibility
24 determination were supported by substantial evidence.  See Carmickle v. Comm'r,

---

26    [3] Although plaintiff contends that this reason was legally insufficient
27 because the August 2009 psychological assessment stated that he "was chronically
severely mentally ill" (see Jt Stip at 20), the assessment in fact stated that plaintiff
28 was "**not** chronically severely mentally ill" (see AR 603) (emphasis added).

5

Social Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of adverse credibility determination was harmless where remaining reasons were adequately supported by substantial evidence); see also Coleman v. Astrue, 423 Fed. Appx. 754, 756 (9th Cir. 2011) (ALJ improperly relied on two stated reasons for adverse credibility determination, but the error was harmless because the third stated reason did not negate the validity of his ultimate credibility conclusion) (citing Carmickle, 533 F.3d at 1162).

**B. Reversal is not warranted based on the ALJ's alleged failure to properly consider the opinion of plaintiff's treating physician (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's evaluation of the opinion of plaintiff's treating physician, Dr. Kaplan. (See Jt Stip at 21-28.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick, 157 F.3d at 725 ("A treating physician's opinion on

1  disability, even if controverted, can be rejected only with specific and legitimate
2  reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at
3  751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).
4      Dr. Kaplan, a worker's compensation physician, treated plaintiff for his
5  physical impairments following plaintiff's car accident in January 2008. In
6  treatments notes for the period from March 2008 to August 2008, Dr. Kaplan stated
7  that plaintiff was "temporarily totally disabled." (See AR 405-15.) In treatment notes
8  for the period from September to October 2008, Dr. Kaplan released plaintiff to
9  modified work with limitations, such as a four-hour workday and no lifting over 10
10 pounds. (See AR 370, 437.) In December 2008, Dr. Kaplan completed a
11 Supplemental and Final Report in which he stated that plaintiff's condition was
12 "permanent and stationary" and that plaintiff should avoid lifting 25 pounds on a
13 repetitive basis, avoid constant overhead tasks with the right arm, and minimize
14 repetitive bending and stooping. (See AR 430, 432.)
15     Although the ALJ stated that he was according "heavy weight" to Dr. Kaplan's
16 December 2008 opinion (see AR 24), plaintiff contends that the ALJ improperly
17 disregarded two parts of Dr. Kaplan's treatment records in which he (1) found
18 plaintiff to be "temporarily totally disabled" from March 2008 to August 2008 and
19 (2) limited plaintiff to modified work from September to October 2008 (see Jt Stip
20 at 24-26).
21     The Court rejects plaintiff's contention for several reasons. First, Dr. Kaplan's
22 opinion that plaintiff was "temporarily totally disabled," in the context of plaintiff's
23 worker's compensation case, is not binding on the Commissioner. See 20 C.F.R. §
24 404.1504; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990) (state governmental
25 agency's finding that claimant was "temporarily totally disabled" was not binding on
26 the Commissioner), overruled on other grounds by Bunnell v. Sullivan, 947 F.2d 341,
27 343-44 (9th Cir. 1991) (en banc).
28 //

Second, Dr. Kaplan's opinion that plaintiff was "temporarily totally disabled" from March 2008 to August 2008, as well as his opinion that plaintiff could return to modified work with certain limitations from September to October 2008, were not significant and probative in light of Dr. Kaplan's more recent December 2008 opinion in which Dr. Kaplan found plaintiff to be permanent and stationary and less restricted in his ability to work. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) (commenting that "[a] treating physician's most recent medical reports are highly probative" and finding that ALJ did not err in omitting depression from hypothetical question where most recent medical evaluations showed the depression was only a mild impairment); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ need only discuss evidence that is significant and probative).

Finally, these same opinions were not significant and probative for the additional reason that they cover, at most, a ten month period from January 2008 (when plaintiff had his accident) to October 2008 (the latest date that Dr. Kaplan released plaintiff to modified work), which falls short of the 12 month durational requirement for disability. See 42 U.S.C. § 423(d)(1)(A); DeLorme v. Sullivan, 924 F.2d 841, 846-47 (9th Cir. 1991) (rejecting claimant's argument that his back condition met requirements of a listed impairment where an independent review of the record did not clearly demonstrate a 12 month period during which claimant experienced significant limitation of motion in the spine).

**C. The ALJ failed to properly consider all of the medical opinions in the record before making his RFC determination (Disputed Issue No. 4).**

Disputed Issue No. 4 is directed to the ALJ's RFC determination in light of the medical opinions of one treating physician and two examining physicians. (See Jt Stip at 34-39.)

As noted above, where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific

and legitimate reasons that are based on the substantial evidence of record. See Reddick, 157 F.3d at 725; Magallanes, 881 F.2d at 751; Winans, 853 F.2d at 647. Likewise, where, as here, the examining physicians' opinions are contradicted by that of another doctor, the ALJ must provide specific and legitimate reasons that are based on the substantial evidence of record. See Regennitter, 166 F.3d at 1298-99; Lester, 81 F.3d at 830-31; Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ determined that plaintiff had an RFC for light work as follows (see AR 21-22):

> [Plaintiff] is limited to sitting six hours per eight-hour workday; standing and walking four hours per eight-hour workday with an option to change positions every hour for up to five minutes; lifting and carrying twenty pounds occasionally and ten pounds frequently; frequent climbing, balancing and kneeling; occasional stooping, crouching and crawling; no overhead reaching with the right upper extremity; no ladders, scaffolds or ropes; no temperature extremes; no unprotected heights; no dangerous or fast-moving machines; no operation of vibrating tools; and no extreme temperatures.

Plaintiff contends that the ALJ's RFC determination is erroneous because the ALJ stated that he was according heavy weight to the opinions of three physicians yet failed to properly incorporate their opinions in the RFC determination. (See Jt Stip at 34-36.) Specifically, plaintiff contends that the ALJ improperly disregarded (1) the December 2008 report of Dr. Kaplan, plaintiff's treating physician, that plaintiff should minimize repetitive bending and stooping (see AR 432); (2) the April 2009 report of Dr. Moazzaz, an examining physician, that plaintiff should engage in bending, kneeling, stooping, crawling, and crouching on an occasional basis (see AR 511); and (3) the September 2010 report of Dr. Steiger, an examining physician, that

1  plaintiff should engage in no repetitive or prolonged neck movement, no repetitive
2  pushing, pulling, reaching or lifting, no repetitive work at or above shoulder level,
3  and no repetitive twisting (see AR 682).

4  The Court agrees. The ALJ erred by stating that he was according heavy weight to the opinions of these three physicians while implicitly rejecting, without explanation, parts of their opinions that were inconsistent with the RFC determination. Rather, the ALJ was required to provide legally sufficient reasons to reject these parts of their opinions. See Lester, 81 F.3d at 830.

9  The Court therefore is unable to affirm the ALJ's RFC determination because it was based on an improper evaluation of the opinions of Dr. Kaplan, Dr. Moazzaz, and Dr. Steiger.[4]

**D.  The Appeals Council failed to properly review new and material evidence (Disputed Issue No. 3).**

Disputed Issue No. 3 is directed to the Appeals Council's review of new and material evidence that plaintiff submitted with his request for review after the date of the ALJ's decision. (See Jt Stip at 28-34.)

The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Appeals Council to consider that evidence in determining whether to review the ALJ's decision. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012). "If new

---

[4] The ALJ's RFC determination appeared to have been based on the testimony of the medical expert at the administrative hearing. (Compare AR 21-22 with AR 64.) The opinions of a non-examining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). Here, the medical expert's testimony could not serve as substantial evidence supporting the ALJ's RFC determination because it was not supported by or consistent with other evidence in the record.

and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." See 20 C.F.R. § 404.970(b); Brewes, 682 F.3d at 1162 and n.3; Bates, 894 F.2d at 1064. The Appeals Council "will grant the request for review if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence *currently of record*." See Brewes, 682 F.3d at 1162 (emphasis in original).

In his request for review to the Appeals Council, plaintiff submitted, for the first time, a psychological evaluation and questionnaire completed by Dr. Balada in January 2011. (See AR 6; see also AR 684-97.) In an order issued on April 25, 2012, the Appeals Council accepted the evidence from Dr. Balada and made it part of the record. (See AR 6.) However, in a separate order issued on the same day, the Appeals Council denied review after finding that plaintiff's additional evidence "[did] not provide a basis for changing the Administrative Law Judge's decision," specifically that plaintiff's additional evidence – purportedly consisting of evidence from physicians who were not related to this case, including Dr. Tauber, Dr. Kasimian, Dr. Dahi, and Dr. Coppelson – "was about a later time" than the ALJ's decision of November 5, 2010. (See AR 2.)

The Court finds that the Appeals Council erred by concluding, in its order denying review, that plaintiff's additional evidence did not provide a basis for changing the ALJ's decision, specifically because it "was about a later time" than the ALJ's decision. As a threshold matter, the Appeals Council's order denying review misstated the contents of plaintiff's additional evidence, so that it appears that the Appeals Council did not even properly review the evidence from Dr. Balada as part of plaintiff's request for review. Specifically, although the Appeals Council's order accepting Dr. Balada's evaluation and questionnaire accurately stated the contents of plaintiff's additional evidence (see AR 6), the Appeals Council's order denying plaintiff's request for review did not (see AR 2). The latter order failed to reference

any evidence from Dr. Balada, but referenced instead evidence from physicians who have no relation to plaintiff's case – Dr. Tauber, Dr. Kasimian, Dr. Dahi, and Dr. Coppelson – and found that such evidence was not chronologically relevant to plaintiff's case. (See AR 2.) Since it appears that the Appeals Council did not properly review plaintiff's additional evidence, remand to the ALJ is appropriate so that the ALJ can reconsider his decision in light of the evaluation and questionnaire from Dr. Balada. See Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1233 (9th Cir. 2011) (remanding to ALJ where it was apparent from Appeals Council's denial of review that it had not considered claimant's additional evidence); Lamp v. Astrue, 531 F.3d 629, 633-34 (8th Cir. 2008) (directing remand to ALJ where it was not clear from the record whether the Appeals Council had considered claimant's additional evidence).

Even had the Appeals Council clearly stated that Dr. Balada's evaluation and questionnaire provided no basis for changing the ALJ's decision because it did not relate to a period on or before the date of the ALJ's decision, the Court still would have found that the Appeals Council erred. Dr. Balada's evaluation and questionnaire corroborated a diagnosis of depressive disorder that had been reported by plaintiff's treating physician, Dr. Maloff, prior to the ALJ's decision. (Compare AR 555 with AR 684.) Dr. Balada's evaluation and questionnaire also corroborated Dr. Maloff's earlier opinion that plaintiff had several marked limitations in various areas of mental functioning. (Compare AR 651 with AR 693-95.) Under these circumstances, the Court would have found that Dr. Balada's evaluation and questionnaire were chronologically relevant. See Padilla v. Colvin, 525 Fed Appx. 710, 711, 713 (10th Cir. 2013) (evidence generated after the ALJ's final decision and submitted for first time to Appeals Council was temporally relevant where it corroborated diagnosis made by treating physician before hearing and related to and augmented treating physician's earlier report). Although the Commissioner argues that Dr. Balada's evaluation and questionnaire were not chronologically relevant because Dr. Balada

1  stated it was "unknown" when plaintiff's mental symptoms began (see Jt Stip at 31;
2  see also AR 697), the Court does not interpret Dr. Balada's use of the word
3  "unknown" as a description of plaintiff's mental symptoms as recent or new. Rather,
4  it is clear from Dr. Balada's January 2011 evaluation that she believed that plaintiff's
5  "long history of medical and mental health problems" (see AR 687) resulted in mental
6  symptoms sometime after his January 2008 accident, but well before the date of the
7  ALJ's decision on November 5, 2010.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision. Moreover, the Court notes that plaintiff seeks relief only in the form of remand for further administrative proceedings. (See Jt Stip at 42-43.)

//
//

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[5]

DATED: December 4, 2013

*/s/ Robert N. Block*
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not the Court's intent to limit the scope of the remand.